## Mertz v. Mertz.

*Divorce—Proclamation—Publication — Legal periodicals—Advertisements —Act of April 5, 1917—Dauphin County.*

1. A proclamation in divorce is an advertisement required by law to be published in one or more newspapers.

2. The Dauphin County Reporter is the weekly legal periodical for Dauphin County, and Dauphin County has more than 150,000 inhabitants.

3. It is a statutory requirement, under the Act of April 5, 1917, P. L. 49, that a proclamation in divorce must be published in the legal newspaper, if such newspaper exists, in all counties having a population of 150,000 or more.

4. The act of assembly provides that the court may dispense with such publication by special order, and in this case such publication was dispensed with in order not to work confusion and hardship, although it is stipulated that hereafter such publication will be required.

Divorce. C. P. Dauphin Co., June T., 1921, No. 335.

R. Sherman Care, for libellant.

HARGEST, P. J., March 3, 1922.—This is a proceeding in divorce. The master has found facts sufficient to justify a decree, but he has raised the question whether the proclamation in this case should have been published in the Dauphin County Reporter. The master feels that it is not within his power to determine this question of law.

The subpœna and *alias* subpœna were returned *non est inventus*, and a proclamation was published once a week for four weeks in the Harrisburg Telegraph, a newspaper of general circulation. The Act of April 5, 1917, P. L. 49, provides, in section 1: "That hereafter in all counties of the Commonwealth having 150,000 inhabitants or more, every notice or advertisement required by law or rule of court to be published in one or more newspapers of general circulation, unless dispensed with by special order of court, shall also be published in the legal newspaper, issued at least weekly, in said county, designated by rules of court for the publication of court or other legal notices, if such newspaper exists."

Rule 38 of this court designates "The Dauphin County Reporter" as the legal periodical for the publication of all notices required by law to be made in a legal periodical. The Act of 1917, above referred to, is also made part of Rule 38. Section 3 of the Act of March 13, 1815, 6 Sm. Laws, 286, requires the publication of notice in one or more newspapers "for four weeks succes-

sively," requiring the respondent in a proceeding in divorce to appear on the first day of the next term of court, if, upon the return of the subpœna and *alias* subpœna, proof is made that the party could not be found in the county. This notice subsequently came to be designated a proclamation. The Dauphin County Reporter is published weekly, and Dauphin County has now more than 150,000 inhabitants. It, therefore, appears that the proclamation is an advertisement required by law to be published in one or more newspapers, and, under the Act of 1917, it must be published in the Dauphin County Reporter, which has been designated as the legal periodical for Dauphin County.

This act of assembly provides that the court may dispense with the publication by special order. Therefore, to prevent any confusion or hardship, the court will dispense with the publication in the Dauphin County Reporter in every case in which proclamations have heretofore been awarded, but proclamations hereafter awarded will be required to be published as provided by the act of assembly and the rule of court above referred to.

It is specially ordered that the publication in the Dauphin County Reporter of the proclamation in this case be dispensed with.

The master's report is approved. A decree will be signed, upon payment of costs, on the application of counsel.

From William Jenkins Wilcox, Harrisburg, Pa.